

Villanova University School of Law Digital Repository

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-20-2007

# Burnett v. Cheltenham Sch Dist

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3771

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Burnett v. Cheltenham Sch Dist" (2007). *2007 Decisions.* Paper 413.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/413

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 06-3771

RONALD H. BURNETT,

Appellant

v.

SCHOOL DISTRICT OF CHELTENHAM TOWNSHIP

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 04-CV-2680
District Judge: The Honorable Mary A. McLaughlin

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 19, 2007

Before: SLOVITER, SMITH, and GARTH, *Circuit Judges*

(Filed: September 20, 2007)

OPINION

SMITH, *Circuit Judge*.

On June 18, 2004, Ronald H. Burnett sued his employer, the School District of

Cheltenham Township (SDCT). He alleged, *inter alia*, claims pursuant to 42 U.S.C.

§§ 1981 and 1983. The District Court for the Eastern District of Pennsylvania granted the

1

employer's motion for summary judgment. Burnett appealed, arguing that the District Court erred.[1] For the reasons set forth below, we will affirm the judgment of the District Court.

The SDCT hired Burnett in 1999 as a chemistry teacher. He was assigned to teach, *inter alia*, the honors chemistry class from the 1999-2000 through the 2001-2002 school year. The SDCT assigned the honors chemistry class to another teacher in the 2002-2003 school year. As a result, Burnett taught other chemistry and science classes through the 2003-2004 school year.

Although Burnett's year-end evaluations were favorable, concerns regarding his performance were raised on several occasions. During his first year at SDCT, students and parents complained about the harshness of his grading policies, and a student alleged that he had made an inappropriate sexual advance. In response, the SDCT placed Burnett on an intensive supervision program. Burnett's performance improved and he received a favorable evaluation at the end of the school year. The school principal noted during the summer that Burnett had still graded his final examinations in the honors chemistry class too harshly, prompting the principal to himself adjust the grades of the students.

The following school year, allegations were made that Burnett inappropriately touched a female student and that he made inappropriate sexual comments in class. An investigation ensued, and the SDCT provided counseling to Burnett.

---

[1] The District Court exercised jurisdiction pursuant to 28 U.S.C. § 1331. We exercise final order jurisdiction under 28 U.S.C. § 1291.

During the 2001-2002 school year, the SDCT continued to receive complaints from parents and students about Burnett's demeanor toward the students in the honors class. The SDCT again placed Burnett on the intensive supervision program.

The SDCT assigned the honors chemistry class to another teacher for the 2002-2003 school year. The complaints raised about Burnett's performance during that year were minimal. Although Burnett sought an assignment to the honors chemistry class for the following school year, the SDCT continued to assign the honors class to another teacher. Concerns about Burnett's performance surfaced again, however, as a female student alleged that Burnett inappropriately touched her. This time, the SDCT assigned a new administrator to conduct an investigation. Burnett was eventually suspended for nine days without pay and one day with pay. Thereafter, the SDCT placed Burnett on an intensive supervision program.

After the conclusion of the 2003-2004 school year, Burnett filed suit. He pleaded a cause of action for racial discrimination under 42 U.S.C. § 1981, claiming to be a Native American. Burnett alleged that the SDCT discriminated against him by placing him on the intensive supervision program, refusing to assign him to the honors chemistry class, and by suspending him for ten days. He also alleged under 42 U.S.C. § 1983 that he had been deprived of his constitutional right to due process as a result of the SDCT's actions.

In a thorough memorandum, the District Court granted the SDCT's motion for summary judgment. It concluded that the SDCT had a legitimate, nondiscriminatory

3

reason for imposing the intensive supervision, assigning the honors chemistry class and suspending Burnett, and that Burnett had failed to establish that the SDCT's reasons were pretextual. The Court also concluded that Burnett failed to establish a due process violation.

We exercise plenary review over a district court's grant of summary judgment. *Atkinson v. Lafayette College*, 460 F.3d 447, 457 (3d Cir. 2006). We find no error in the District Court's ruling on Burnett's claim of discrimination. Burnett does not dispute that the SDCT actually received complaints about his classroom performance and his interaction with students, which prompted the intensive supervision and the assignment of the honors class to another teacher.[2] Instead, Burnett claims that the SDCT's proffered reasons for placing him on the intensive supervision program and assigning the honors class to another teacher were pretextual. Our review of the record, however, fails to reveal any evidence that would allow a factfinder to reasonably infer that the SDCT's actions were motivated by a discriminatory animus against Native Americans. As the District Court concluded, Burnett cannot defeat the SDCT's summary judgment motion by "[s]imply show[ing] that the employer's decisions were wrong or mistaken" or unwise. *Fuentes v. Perskie*, 32 F.3d 759, 765 (3d Cir. 1994).

Nor is there a basis for disturbing the District Court's conclusion that Burnett

---

[2]Burnett does not take issue with the District Court's grant of summary judgment on his claim of racial discrimination based on the investigation of the sexual harassment allegations and the ten day suspension.

failed to establish a due process violation. Burnett contends that he was hired as a teacher for honors chemistry and that his removal from that position deprived him of a property interest. We disagree. In *Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 143 (3d Cir. 2000), we established that public employment in a teaching profession is not a property interest that is entitled to the protections of substantive due process.

Burnett also argued that he was deprived of a liberty interest because of the stigma resulting from the investigation into the student's allegation of sexual harassment. Citing *Ersek v. Township of Springfield*, 102 F.3d 79, 83-84 (3d Cir. 1996), the District Court concluded that Burnett's claim of reputational harm failed because he did not demonstrate that the SDCT published information that was substantially and materially false. Because Burnett does not direct us to any evidence of record that the SDCT published *false* information, we agree with the District Court that this claim also lacks merit.

We will affirm the judgment of the District Court.

5